JS 44 CAND (Rev. 12/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

*E-filing*

## I. (a) PLAINTIFFS
KENNETH MILLS, on behalf of himself and all others similarly situated.

### DEFENDANTS
HSBC BANK NEVADA, N.A.; HSBC CARD SERVICES, INC.; HSBC MORTGAGE SERVICES, INC.; HSBC AUTO FINANCE, INC.; and HSBC CONSUMER LENDING (USA), INC.

**(b)** County of Residence of First Listed Plaintiff   ALAMEDA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery St., 29th Floor     Daniel M. Hutchinson
San Francisco, CA 94111         415-956-1000

Attorneys *(If Known)*

CV 12 4010  MEJ



## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*    and One Box for Defendant)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227
Brief description of cause:
Breach of Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                              DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)
*(Place an "X" in One Box Only)*
☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE     ☐ EUREKA

DATE  07/30/2012              SIGNATURE OF ATTORNEY OF RECORD   *Daniel Hutch*

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin (State Bar No. 170222)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson (State Bar No. 239458)
Eduardo E. Santacana (State Bar No. 281668)
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

MEYER WILSON CO., LPA
Matthew R. Wilson
(*pro hac vice* to be filed)
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

KENNETH MILLS, on behalf of himself and all others similarly situated,

Plaintiff,

v.

HSBC BANK NEVADA, N.A.; HSBC CARD SERVICES, INC.; HSBC MORTGAGE SERVICES, INC.; HSBC AUTO FINANCE, INC.; and HSBC CONSUMER LENDING (USA), INC.,

Defendants.

Case No. CV 12 4010

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ*. (TELEPHONE CONSUMER PROTECTION ACT)**

CLASS ACTION

**DEMAND FOR JURY TRIAL**

1050014.1

CLASS ACTION COMPLAINT

Plaintiff Kenneth Mills (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## NATURE OF ACTION

1. Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of HSBC Bank Nevada, N.A., HSBC Card Services, Inc., HSBC Mortgage Services, Inc., HSBC Auto Finance, Inc., HSBC Consumer Lending (USA), Inc., and/or other affiliates or subsidiaries of HSBC Finance Corporation (all hereinafter referred to collectively as "HSBC") in negligently, knowingly, and/or willfully contacting Plaintiff and Class Members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA"). HSBC has violated the TCPA by contacting Plaintiff and Class Members on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the meaning of the TCPA.

2. Plaintiff brings this action for injunctive relief and statutory damages resulting from HSBC's illegal actions.

## JURISDICTION AND VENUE

3. This matter in controversy exceeds $5,000,000, as each member of the proposed Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Further, Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because Defendant is

deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction. Venue is also proper in this District because Plaintiff Mills has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

5.   Plaintiff Kenneth Mills is, and at all times mentioned herein was, an individual citizen of the State of California, who resides in Oakland, California.

6.   Defendant HSBC Bank Nevada, N.A., is a national bank and a wholly owned subsidiary of HSBC Finance Corporation.  HSBC Bank Nevada, N.A. is a Nevada company with principal places of business in Las Vegas, Nevada and New York City, New York.

7.   Defendant HSBC Card Services, Inc. is the U.S. consumer credit card segment of HSBC.  HSBC Card Services, Inc., is a Maryland company with a principal place of business in Illinois.

8.   Defendant HSBC Mortgage Services, Inc. offers HSBC home loans and other mortgages to consumers.  HSBC Mortgage Services, Inc. is a Delaware company.

9.   Defendant HSBC Auto Finance, Inc. offers auto loans to consumers.  HSBC Auto Finance, Inc. is a Delaware company.

10.   Defendant HSBC Consumer Lending (USA), Inc. offers consumers credit accounts and loans.  HSBC Consumer Lending (USA), Inc. is a Delaware company.

11.   HSBC markets itself as "one of the industry's most valuable brands," and "one of the world's largest banking and financial services organisations [sic]." HSBC serves over 89 million customers across its Customer Groups and Global Businesses.  It has offices in 85 countries and territories.[1]

---

[1] See http://www.hsbc.com/1/2/investor-relations/overview/fast-facts, last viewed on July 26, 2012.

# THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA), 47 U.S.C. § 227

12. In 1991, Congress enacted the TCPA,[2] in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[3]

14. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[4]

15. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[5] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[6]

---

[2] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.
[3] 47 U.S.C. § 227(b)(1)(A)(iii).
[4] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[5] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[6] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff Mills was an individual residing in the State of California. Plaintiff Mills is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. In or around 2004, Plaintiff Mills took out a credit card with HSBC. Plaintiff Mills did not provide the cellular phone number that HSBC called on his credit card application. In fact, Plaintiff Mills did not even have his current cellular phone number in 2004.

18. Plaintiff Mills has not subsequently provided Defendants with consent to contact him via his cellular phone number.

19. Beginning in or around April 2012 and through the present, HSBC has repeatedly contacted Plaintiff Mills on his cellular telephone with an automated message. Mills received repeated, harassing calls at all hours of the day. Because these calls were prerecorded, Mills had no ability to request that the calls end or to voice his complaints to a real person.

20. Although Plaintiff Mills requested that Defendants stop the calls, HSBC has continued to call his cellular phone.

21. HSBC is, and at all times mentioned herein was, a "person", as defined by 47 U.S.C. § 153(39).

22. All telephone contact by HSBC to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

23. The telephone number that HSBC used to contact Plaintiff, with an "artificial or prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

24.  "During the transaction that resulted in the debt owed," Plaintiff did not provide express consent to receive prerecorded calls by HSBC on his cellular telephone.[7] Indeed, Plaintiff did not have a cellular telephone at the time of the transaction.

25.  Plaintiff did not provide "express consent" allowing HSBC to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

26.  HSBC did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

27.  HSBC's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

28.  Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on HSBC to demonstrate that Plaintiff provided express consent within the meaning of the statute.[8]

29.  Any consumer arbitration clauses in the underlying credit card contracts with Plaintiff and the Class Members are not enforceable or applicable to the claims here because HSBC has agreed, pursuant to a separate settlement agreement, not to enforce consumer arbitration clauses.

## CLASS ACTION ALLEGATIONS

30.  Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

31.  Plaintiff proposes the following Class definition, subject to amendment as appropriate:

---

[7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).
[8] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

> All persons within the United States who received a non-emergency telephone call from HSBC to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed.

Collectively, all these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are HSBC and any entities in which HSBC has a controlling interest, HSBC's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

32. Plaintiff does not know the exact number of members in the Class, but based upon the representations of HSBC as to its market share, Plaintiff reasonably believes that Class members number at minimum in the tens of thousands.

33. Plaintiff and all members of the Class have been harmed by the acts of HSBC.

34. This Class Action Complaint seeks injunctive relief and money damages.

35. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by HSBC.

36. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether HSBC made non-emergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

    b. Whether HSBC can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

    c. Whether HSBC's conduct was knowing and/or willful;

       d.      Whether HSBC is liable for damages, and the amount of such damages; and

       e.      Whether HSBC should be enjoined from engaging in such conduct in the future.

37. As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

38. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

39. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel HSBC to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against HSBC is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

40. HSBC has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.***

41. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

42. The foregoing acts and omissions of HSBC constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

43. As a result of HSBC's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

44. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by HSBC in the future. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

### SECOND COUNT

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.***

45. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

46. The foregoing acts and omissions of HSBC constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

47. As a result of HSBC's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting HSBC's violation of the TCPA in the future.

49.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendant:

A.    Injunctive relief prohibiting such violations of the TCPA by HSBC in the future;

B.    As a result of HSBC's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C.    As a result of HSBC's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

D.    An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

F.    Such other relief as the Court deems just and proper.

Dated: July 30, 2012         By:   /s/ Jonathan D. Selbin
                                    Jonathan D. Selbin

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Jonathan D. Selbin
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

| | |
|---|---|
| 1 | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP |
| | Daniel M. Hutchinson |
| 2 | Email: dhutchinson@lchb.com |
| | Eduardo E. Santacana |
| 3 | Email: esantacana@lchb.com |
| | 275 Battery Street, 29th Floor |
| 4 | San Francisco, California  94111-3339 |
| | Telephone:  (415) 956-1000 |
| 5 | Facsimile:  (415) 956-1008 |

MEYER WILSON CO., LPA
Matthew R. Wilson
(*pro hac vice* application to be filed)
Email:  mwilson@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

*Attorneys for Plaintiff Mills and the Proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts so triable.

Dated: July 30, 2012

By: /s/ *Jonathan D. Selbin*
Jonathan D. Selbin

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson
Email: dhutchinson@lchb.com
Eduardo E. Santacana
Email: esantacana@lchb.com
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

MEYER WILSON CO., LPA
Matthew R. Wilson
(*pro hac vice* application to be filed)
Email: mwilson@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

*Attorneys for Plaintiff Mills and the Proposed Class*