1   LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, LLP
2   Jonathan D. Selbin (State Bar No. 170222)
    250 Hudson Street, 8th Floor
3   New York, NY  10013
    Telephone:  (212) 355-9500
4   Facsimile:  (212) 355-9592

5   LIEFF, CABRASER, HEIMANN &              MEYER WILSON CO., LPA
    BERNSTEIN, LLP                          Matthew R. Wilson
6   Daniel M. Hutchinson (State Bar No. 239458)   (*pro hac vice* to be filed)
    Eduardo E. Santacana (State Bar No. 281668)   1320 Dublin Road, Ste. 100
7   275 Battery Street, 29th Floor          Columbus, Ohio 43215
    San Francisco, California  94111-3339   Telephone:  (614) 224-6000
8   Telephone:  (415) 956-1000             Facsimile:  (614) 224-6066
    Facsimile:  (415) 956-1008
9

10  *Attorneys for Plaintiff and the Proposed Class*

11                    UNITED STATES DISTRICT COURT
12                   NORTHERN DISTRICT OF CALIFORNIA
                    SAN FRANCISCO / OAKLAND DIVISION
13

14

15  KENNETH MILLS, on behalf of himself      Case No. 3:12-cv-04010-MEJ
    and all others similarly situated,
16
                      Plaintiff,
17
            v.                               **FIRST AMENDED CLASS ACTION
18                                           COMPLAINT FOR DAMAGES AND
    HSBC BANK NEVADA, N.A.; HSBC             INJUNCTIVE RELIEF PURSUANT TO 47
19  CARD SERVICES, INC.; HSBC               U.S.C. § 227 *ET SEQ.* (TELEPHONE
    MORTGAGE SERVICES, INC.; HSBC           CONSUMER PROTECTION ACT)**
20  AUTO FINANCE, INC.; and HSBC
    CONSUMER LENDING (USA), INC.,           CLASS ACTION
21
                      Defendants.            **DEMAND FOR JURY TRIAL**
22

23

24

25

26

27

28

1    Plaintiff Kenneth Mills (hereinafter referred to as "Plaintiff"), individually and on

2  behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel,

3  and on information and belief as follows:

4                            **NATURE OF ACTION**

5        1.       Plaintiff brings this action for damages, and other legal and equitable

6  remedies, resulting from the illegal actions of HSBC Bank Nevada, N.A., HSBC Card Services,

7  Inc., HSBC Mortgage Services, Inc., HSBC Auto Finance, Inc., HSBC Consumer Lending

8  (USA), Inc., and/or other affiliates or subsidiaries of HSBC Finance Corporation (all hereinafter

9  referred to collectively as "HSBC") in negligently, knowingly, and/or willfully contacting

10  Plaintiff and Class members on their cellular telephones without their prior express consent

11  within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

12  (hereinafter referred to as the "TCPA").   HSBC has violated the TCPA by contacting Plaintiff

13  and Class members on their cellular telephones via an "automatic telephone dialing system," as

14  defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as

15  described in 47 U.S.C. § 227(b)(1)(A),  without their prior express consent within the meaning

16  of the TCPA.

17        2.       Plaintiff brings this action for injunctive relief and statutory damages

18  resulting from HSBC's illegal actions.

19                        **JURISDICTION AND VENUE**

20        3.       This matter in controversy exceeds $5,000,000, as each member of the

21  proposed Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each

22  call that has violated the TCPA.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C.

23  § 1332(d)(2).  Further, Plaintiff alleges a national class, which will result in at least one Class

24  member belonging to a different state.  Therefore, both elements of diversity jurisdiction under

25  the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

26  This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

27        4.       Venue is proper in the United States District Court for the Northern

28  District of California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because Defendant is

1  deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time

2  the action is commenced, and because Defendant's contacts with this District are sufficient to

3  subject it to personal jurisdiction.  Venue is also proper in this District because Plaintiff Mills

4  has resided in this District at all times relevant to these claims such that a substantial part of the

5  events giving rise to the claims occurred in this District.

6  **<u>PARTIES</u>**

7       5.    Plaintiff Kenneth Mills is, and at all times mentioned herein was, an

8  individual citizen of the State of California, who resides in Oakland, California.

9       6.    Defendant HSBC Bank Nevada, N.A., is a national bank and a wholly

10  owned subsidiary of HSBC Finance Corporation.   HSBC Bank Nevada, N.A. is a Nevada

11  company with principal places of business in Las Vegas, Nevada and New York City, New

12  York.

13       7.    Defendant HSBC Card Services, Inc. is the U.S. consumer credit card

14  segment of HSBC.  HSBC Card Services, Inc., is a Maryland company with a principal place of

15  business in Illinois.

16       8.    Defendant HSBC Mortgage Services, Inc. offers HSBC home loans and

17  other mortgages to consumers.  HSBC Mortgage Services, Inc. is a Delaware company.

18       9.    Defendant HSBC Auto Finance, Inc. offers auto loans to consumers.

19  HSBC Auto Finance, Inc. is a Delaware company.

20       10.    Defendant HSBC Consumer Lending (USA), Inc. offers consumers credit

21  accounts and loans.  HSBC Consumer Lending (USA), Inc. is a Delaware company.

22       11.    HSBC markets itself as "one of the industry's most valuable brands," and

23  "one of the world's largest banking and financial services organisations [*sic*]."  HSBC serves

24  over 89 million customers across its Customer Groups and Global Businesses.  It has offices in

25  85 countries and territories.[1]

26

27

28  [1] *See* http://www.hsbc.com/1/2/investor-relations/overview/fast-facts, last viewed on July 26, 2012.

1
2

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

## (TCPA), 47 U.S.C. § 227

3

12.     In 1991, Congress enacted the TCPA,[2] in response to a growing number

4
of consumer complaints regarding certain telemarketing practices.

5

13.     The TCPA regulates, among other things, the use of automated telephone

6
equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii)

7
prohibits the use of autodialers to make any call to a wireless number in the absence of an

8
emergency or the prior express consent of the called party.[3]

9

14.     According to findings by the FCC, the agency Congress vested with

10
authority to issue regulations implementing the TCPA, such calls are prohibited because, as

11
Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion

12
of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC

13
also recognized that wireless customers are charged for incoming calls whether they pay in

14
advance or after the minutes are used.[4]

15

15.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it

16
confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or

17
on behalf of a creditor) are permitted only if the calls are made with the "prior express consent"

18
of the called party.[5]  The FCC "emphasize[d] that prior express consent is deemed to be granted

19
only if the wireless number was provided by the consumer to the creditor, and that such number

20
was provided during the transaction that resulted in the debt owed."[6]

21
22
23

---

24

[2] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

25

[3] 47 U.S.C. § 227(b)(1)(A)(iii).

[4] *Rules and Regulations Implementing the Telephone Consumer Protection Act of*

26
*1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[5] *In the Matter of Rules and Regulations Implementing the Telephone Consumer*

27
*Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

28

[6] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

1

**FACTUAL ALLEGATIONS**

2       16.     At all times relevant, Plaintiff Mills was an individual residing in the

3    State of California.  Plaintiff Mills is, and at all times mentioned herein was, a "person" as

4    defined by 47 U.S.C. § 153(39).

5       17.     In or around 1998, Plaintiff Mills took out a credit card with HSBC.

6    Plaintiff Mills did not provide the cellular phone number that HSBC called on his credit card

7    application.  In fact, Plaintiff Mills did not even have his current cellular phone number in 1998.

8       18.     Plaintiff Mills has not subsequently provided Defendants with consent to

9    contact him via his cellular phone number.

10      19.     Beginning in or around April 2012 and through the present, HSBC has

11   repeatedly contacted Plaintiff Mills on his cellular telephone with an automated message.  Mills

12   received repeated, harassing calls at all hours of the day.  Because these calls were prerecorded,

13   Mills had no ability to request that the calls end or to voice his complaints to a real person.

14      20.     Although Plaintiff Mills attempted to request that Defendants stop the

15   calls, HSBC has continued to call his cellular phone.

16      21.     HSBC is, and at all times mentioned herein was, a "person", as defined

17   by 47 U.S.C. § 153(39).

18      22.     All telephone contact by HSBC to Plaintiff on his cellular telephone

19   occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1),

20   and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

21      23.     The telephone number that HSBC used to contact Plaintiff, with an

22   "artificial or prerecorded voice" made by an "automatic telephone dialing system," was

23   assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

24      24.     "During the transaction that resulted in the debt owed," Plaintiff did not

25   provide express consent to receive prerecorded calls by HSBC on his cellular telephone.[7]

26   Indeed, Plaintiff did not have a cellular telephone at the time of the transaction.

27

28   [7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

25.     Plaintiff did not provide "express consent" allowing HSBC to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

26.     HSBC did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

27.     HSBC's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

28.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on HSBC to demonstrate that Plaintiff provided express consent within the meaning of the statute.[8]

29.     Any consumer arbitration clauses in the underlying credit card contracts with Plaintiff and the Class members are not enforceable or applicable to the claims here because HSBC has agreed, pursuant to a separate settlement agreement, not to enforce consumer arbitration clauses.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

31.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who received a non-emergency telephone call from HSBC to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed.

---

[8] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

Collectively, all these persons will be referred to as "Class members."  Plaintiff represents, and is a member of, the Class.  Excluded from the Class are HSBC and any entities in which HSBC has a controlling interest, HSBC's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

32.     Plaintiff does not know the exact number of members in the Class, but based upon the representations of HSBC as to its market share, Plaintiff reasonably believes that Class members number at minimum in the tens of thousands.

33.     Plaintiff and all members of the Class have been harmed by the acts of HSBC.

34.     This Class Action Complaint seeks injunctive relief and money damages.

35.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.  The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Class can be identified easily through records maintained by HSBC.

36.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual Class members.  Those common questions of law and fact include, but are not limited to, the following:

a.     Whether HSBC made non-emergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

b.     Whether HSBC can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

c.     Whether HSBC's conduct was knowing and/or willful;

d.     Whether HSBC is liable for damages, and the amount of such damages; and

e.     Whether HSBC should be enjoined from engaging in such conduct in the future.

1    37.    As a person who received numerous and repeated telephone calls using

2    an automatic telephone dialing system or an artificial or prerecorded voice, without his prior

3    express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each

4    Class member.  Plaintiff will fairly and adequately represent and protect the interests of the

5    Class, and has no interests which are antagonistic to any member of the Class.

6    38.    Plaintiff has retained counsel experienced in handling class action claims

7    involving violations of federal and state consumer protection statutes, including claims under

8    the TCPA.

9    39.    A class action is the superior method for the fair and efficient

10   adjudication of this controversy.  Class wide relief is essential to compel HSBC to comply with

11   the TCPA.  The interest of Class members in individually controlling the prosecution of

12   separate claims against HSBC is small because the statutory damages in an individual action for

13   violation of the TCPA are small.  Management of these claims is likely to present significantly

14   fewer difficulties than are presented in many class claims because the calls at issue are all

15   automated and the Class members, by definition, did not provide the prior express consent

16   required under the statute to authorize calls to their cellular telephones.

17   40.    HSBC has acted on grounds generally applicable to the Class, thereby

18   making final injunctive relief and corresponding declaratory relief with respect to the Class as a

19   whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA

20   violations complained of herein are substantially likely to continue in the future if an injunction

21   is not entered.

22   ## CAUSES OF ACTION

23   ### FIRST COUNT

24   **KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE
25   CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.***

26   41.    Plaintiff incorporates by reference the foregoing paragraphs of this

27   Complaint as if fully stated herein.

28

42.     The foregoing acts and omissions of HSBC constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

43.     As a result of HSBC's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

44.     Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by HSBC in the future.  Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

45.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

46.     The foregoing acts and omissions of HSBC constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

47.     As a result of HSBC's violations of 47 U.S.C. §  227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

48.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting HSBC's violation of the TCPA in the future.

49.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendant:

A.     Injunctive relief prohibiting such violations of the TCPA by HSBC in the

1   future;

2        B.      As a result of HSBC's willful and/or knowing violations of 47 U.S.C.

3   § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by

4   statute, of up to $1,500.00 for each and every call that violated the TCPA;

5        C.      As a result of HSBC's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks

6   for himself and each Class member $500.00 in statutory damages for each and every call that

7   violated the TCPA;

8        D.      An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

9        E.      An order certifying this action to be a proper class action pursuant to

10  Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the

11  Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and

12  appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

13       F.      Such other relief as the Court deems just and proper.

14

15  Dated: August 3, 2012            By:  _/s/ Jonathan D. Selbin_____
                                          Jonathan D. Selbin
16
                                     LIEFF, CABRASER, HEIMANN &
17                                   BERNSTEIN, LLP
                                     Jonathan D. Selbin
18                                   Email: jselbin@lchb.com
                                     250 Hudson Street, 8th Floor
19                                   New York, NY 10013
                                     Telephone: (212) 355-9500
20                                   Facsimile: (212) 355-9592

21                                   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
                                     Daniel M. Hutchinson
22                                   Email: dhutchinson@lchb.com
                                     Eduardo E. Santacana
23                                   Email: esantacana@lchb.com
                                     275 Battery Street, 29th Floor
24                                   San Francisco, California 94111-3339
                                     Telephone: (415) 956-1000
25                                   Facsimile: (415) 956-1008

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEYER WILSON CO., LPA
Matthew R. Wilson
(*pro hac vice* application to be filed)
Email:  mwilson@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

*Attorneys for Plaintiff Mills and the Proposed Class*

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff demands a trial by jury on all counts so triable.

3

4   Dated: August 3, 2012              By:   _/s/ Jonathan D. Selbin_____
                                             Jonathan D. Selbin

5                                      LIEFF, CABRASER, HEIMANN &
                                       BERNSTEIN, LLP
6                                      Jonathan D. Selbin
                                       Email:  jselbin@lchb.com
7                                      250 Hudson Street, 8th Floor
                                       New York, NY  10013
8                                      Telephone:  (212) 355-9500
                                       Facsimile:  (212) 355-9592
9
                                       LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
10                                     Daniel M. Hutchinson
                                       Email:  dhutchinson@lchb.com
11                                     Eduardo E. Santacana
                                       Email: esantacana@lchb.com
12                                     275 Battery Street, 29th Floor
                                       San Francisco, California  94111-3339
13                                     Telephone:  (415) 956-1000
                                       Facsimile:  (415) 956-1008
14
                                       MEYER WILSON CO., LPA
15                                     Matthew R. Wilson
                                       (*pro hac vice* application to be filed)
16                                     Email:  mwilson@meyerwilson.com
                                       1320 Dublin Road, Ste. 100
17                                     Columbus, Ohio 43215
                                       Telephone:  (614) 224-6000
18                                     Facsimile:  (614) 224-6066

19                                     *Attorneys for Plaintiff Mills and the Proposed Class*

20

21

22

23

24

25

26

27

28