LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Jonathan D. Selbin (State Bar No. 170222)
Douglas I. Cuthbertson (*pro hac vice* to be filed)
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Daniel M. Hutchinson (State Bar No. 239458)
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

HYDE & SWIGART
Joshua B. Swigart (State Bar No. 225557)
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:  (619) 233-7770
Facsimile:  (619) 297-1022

KAZEROUNI LAW GROUP, APC
Abbas Kazerounian (State Bar No. 249203)
2700 N. Main Street, Suite 1000
Santa Ana, CA 92705
Telephone:  (800) 400-6808
Facsimile:  (800) 520-5523

MEYER WILSON CO., LPA
Matthew R. Wilson
(admitted *pro hac vice*)
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

PEARLMAN, CHOSNEK & HOPSON, P.C.
Edward Chosnek
(*pro hac vice* to be filed)
P.O. Box 708
Lafayette, IN 47902
Telephone:  (765) 742-9081
Facsimile:  (765) 742-4379

REILING TEDER & SCHRIER, LLC
James R. Schrier
(*pro hac vice* to be filed)
P.O. Box 280
Lafayette, IN 47902
Telephone:  (765) 423-5333
Facsimile:  (765) 423-4564

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| KENNETH MILLS AND BENJAMIN WILKES, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>      v.<br><br>HSBC BANK NEVADA, N.A.; HSBC CARD SERVICES, INC.; HSBC MORTGAGE SERVICES, INC.; HSBC AUTO FINANCE, INC.; and HSBC CONSUMER LENDING (USA), INC.,<br><br>                    Defendants. | Case No. 3:12-cv-04010-MEJ<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ*. (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>CLASS ACTION<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Kenneth Mills and Benjamin Wilkes (hereinafter referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of their counsel, and on information and belief as follows:

## NATURE OF ACTION

1. Plaintiffs bring this action for damages, and other legal and equitable remedies, resulting from the illegal actions of HSBC Bank Nevada, N.A., HSBC Card Services, Inc., HSBC Mortgage Services, Inc., HSBC Auto Finance, Inc., HSBC Consumer Lending (USA), Inc., and/or other affiliates or subsidiaries of HSBC Finance Corporation (all hereinafter referred to collectively as "HSBC") in negligently, knowingly, and/or willfully contacting Plaintiffs and Class members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA").  HSBC has violated the TCPA by contacting Plaintiffs and Class members on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the meaning of the TCPA.

2. Plaintiffs bring this action for injunctive relief and statutory damages resulting from HSBC's illegal actions.

## JURISDICTION AND VENUE

3. This matter in controversy exceeds $5,000,000, as each member of the proposed Class, which is believed to number at least in the tens of thousands, is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).  Further, Plaintiffs allege a national class, which will result in at least one Class member belonging to a different state.  Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.  This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4.      Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendants' contacts with this District are sufficient to subject it to personal jurisdiction.  Venue is also proper in this District because Plaintiff Mills has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to the claims occurred in this District.

**PARTIES**

5.      Plaintiff Kenneth Mills is, and at all times mentioned herein was, an individual citizen of the State of California, who resides in Oakland, California.

6.      Plaintiff Benjamin Wilkes is, and at all times mentioned herein was, an individual citizen of the state of Indiana, who resides in Lafayette, Indiana.

7.      Defendant HSBC Bank Nevada, N.A., is a national bank and a wholly owned subsidiary of HSBC Finance Corporation.   HSBC Bank Nevada, N.A. is a Nevada company with principal places of business in Las Vegas, Nevada and New York City, New York.

8.      Defendant HSBC Card Services, Inc. is the U.S. consumer credit card segment of HSBC Bank Nevada, N.A.  HSBC Card Services, Inc., is a Maryland company with a principal place of business in Illinois.

9.      Defendant HSBC Mortgage Services, Inc. offers HSBC home loans and other mortgages to consumers.  HSBC Mortgage Services, Inc. is a Delaware company.

10.     Defendant HSBC Auto Finance, Inc. offers auto loans to consumers.  HSBC Auto Finance, Inc. is a Delaware company.

11.     Defendant HSBC Consumer Lending (USA), Inc. offers consumers credit accounts and loans.  HSBC Consumer Lending (USA), Inc. is a Delaware company.

12.     HSBC markets itself as "one of the industry's most valuable brands," and "one of the world's largest banking and financial services organisations [*sic*]."  HSBC serves

over 89 million customers across its Customer Groups and Global Businesses. It has offices in 85 countries and territories.[1]

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

13. In 1991, Congress enacted the TCPA,[2] in response to a growing number of consumer complaints regarding certain telemarketing practices.

14. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[3]

15. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[4]

16. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[5] The FCC "emphasize[d] that prior express consent is deemed to be granted

---

[1] *See* http://www.hsbc.com/1/2/investor-relations/overview/fast-facts, last viewed on July 26, 2012.
[2] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[3] 47 U.S.C. § 227(b)(1)(A)(iii).
[4] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC. 14014 (2003).
[5] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[6]

## FACTUAL ALLEGATIONS

**Plaintiff Mills's Allegations**

17. At all times relevant, Plaintiff Mills was an individual residing in the State of California. Plaintiff Mills is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18. In or around 1998, Plaintiff Mills took out a credit card with HSBC. Plaintiff Mills did not provide the cellular phone number that HSBC called on his credit card application. In fact, Plaintiff Mills did not even have his current cellular phone number in 1998.

19. Plaintiff Mills has not subsequently provided Defendants with consent to contact him via his cellular phone number.

20. Beginning in or around April 2012 and through the present, HSBC has repeatedly contacted Plaintiff Mills on his cellular telephone with an automated message. Plaintiff Mills received repeated, harassing calls at all hours of the day. Because these calls were prerecorded, Plaintiff Mills had no ability to request that the calls end or to voice his complaints to a real person.

21. Although Plaintiff Mills attempted to request that Defendants stop the calls, HSBC has continued to call his cellular phone.

**Plaintiff Wilkes' Allegations**

22. At all times relevant, Plaintiff Wilkes was an individual residing in the State of Indiana. Plaintiff Wilkes is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

23. Plaintiff Wilkes holds one credit card account with HSBC.

24. On multiple occasions, beginning in or around December 2011, HSBC contacted Plaintiff Wilkes on his cellular telephone with an automated message in an attempt to collect an alleged debt pursuant to the above-referenced HSBC credit card account.

---

[6] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

25. Plaintiff Wilkes is informed and believes, and thereupon alleges, that he did not provide "prior express consent" to HSBC to receive calls on his cellular telephone with an "automated telephone dialing system" and/or "prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

**Plaintiffs' Joint Allegations**

26. HSBC is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

27. All telephone contact by HSBC to Plaintiffs on their cellular telephones occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

28. The telephone numbers that HSBC used to contact Plaintiffs, with an "artificial or prerecorded voice" made by an "automatic telephone dialing system," were assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

29. "During the transaction that resulted in the debt owed," Plaintiffs did not provide express consent to receive prerecorded calls by HSBC on his cellular telephone.[7] Indeed, Plaintiff Mills did not have a cellular telephone at the time of the transaction.

30. Plaintiffs did not provide "express consent" allowing HSBC to place telephone calls to Plaintiffs' cellular phones utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

31. HSBC did not make telephone calls to Plaintiffs' cellular phones "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

32. HSBC's telephone calls to Plaintiffs' cellular phones utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiffs' prior express consent violated 47 U.S.C. § 227(b)(1)(A).

---

[7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

33. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on HSBC to demonstrate that Plaintiffs provided express consent within the meaning of the statute.[8]

34. Any consumer arbitration clauses in the underlying credit card contracts with Plaintiffs and the Class members are not enforceable or applicable to the claims here because HSBC has agreed, pursuant to a separate settlement agreement, not to enforce consumer arbitration clauses.

## CLASS ACTION ALLEGATIONS

35. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

36. Plaintiffs propose the following Class definition, subject to amendment as appropriate:

> All persons within the United States who received a non-emergency telephone call from HSBC to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed.

Collectively, all these persons will be referred to as "Class members." Plaintiffs represent, and are a member of, the Class. Excluded from the Class are HSBC and any entities in which HSBC has a controlling interest, HSBC's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

37. Plaintiffs do not know the exact number of members in the Class, but based upon the representations of HSBC as to its market share, Plaintiffs reasonably believe that Class members number at minimum in the tens of thousands.

38. Plaintiffs and all members of the Class have been harmed by the acts of HSBC.

39. This Class Action Complaint seeks injunctive relief and money damages.

---

[8] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

40. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by HSBC.

41. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether HSBC made non-emergency calls to Plaintiffs and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

    b. Whether HSBC can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

    c. Whether HSBC's conduct was knowing and/or willful;

    d. Whether HSBC is liable for damages, and the amount of such damages; and

    e. Whether HSBC should be enjoined from engaging in such conduct in the future.

42. As people who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without their prior express consent within the meaning of the TCPA, Plaintiffs assert claims that are typical of each Class member. Plaintiffs will fairly and adequately represent and protect the interests of the Class, and have no interests which are antagonistic to any member of the Class.

43. Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

44. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel HSBC to comply with

the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against HSBC is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

45. HSBC has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.**

46. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

47. The foregoing acts and omissions of HSBC constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

48. As a result of HSBC's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

49. Plaintiffs and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by HSBC in the future. Plaintiffs and Class members are also entitled to an award of reasonable attorneys' fees and costs.

## SECOND COUNT

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

50. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

51. The foregoing acts and omissions of HSBC constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

52. As a result of HSBC's violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

53. Plaintiffs and Class members are also entitled to and do seek injunctive relief prohibiting HSBC's violation of the TCPA in the future.

54. Plaintiffs and Class members are also entitled to an award of reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all Class members the following relief against Defendant:

A. Injunctive relief prohibiting such violations of the TCPA by HSBC in the future;

B. As a result of HSBC's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C. As a result of HSBC's violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

D. An award of attorneys' fees and costs to counsel for Plaintiffs and the Class;

E. An order certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiffs are proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;

F. Such other relief as the Court deems just and proper.

Dated: November 30, 2012        By:  /s/ Jonathan D. Selbin
                                      Jonathan D. Selbin

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin
Email:  jselbin@lchb.com
Douglas I. Cuthbertson (*pro hac vice* to be filed)
Email: dcuthbertson@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson
Email:  dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

MEYER WILSON CO., LPA
Matthew R. Wilson
(admitted *pro hac vice*)
Email:  mwilson@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

HYDE & SWIGART
Joshua B. Swigart (State Bar No. 225557)
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:  (619) 233-7770
Facsimile:  (619) 297-1022

| | |
|---|---|
| 1 | |
| 2 | KAZEROUNI LAW GROUP, APC<br>Abbas Kazerounian (State Bar No. 249203)<br>2700 N. Main Street, Suite 1000<br>Santa Ana, CA 92705<br>Telephone: (800) 400-6808<br>Facsimile: (800) 520-5523 |
| 3 | |
| 4 | |
| 5 | PEARLMAN, CHOSNEK & HOPSON, P.C.<br>Edward Chosnek<br>(*pro hac vice* to be filed)<br>P.O. Box 708<br>Lafayette, IN 47902<br>Telephone: (765) 742-9081<br>Facsimile: (765) 742-4379 |
| 6 | |
| 7 | |
| 8 | |
| 9 | REILING TEDER & SCHRIER, LLC<br>James R. Schrier<br>(*pro hac vice* to be filed)<br>P.O. Box 280<br>Lafayette, IN 47902<br>Telephone: (765) 423-5333<br>Facsimile: (765) 423-4564 |
| 10 | |
| 11 | |
| 12 | |
| 13 | *Attorneys for Plaintiffs and the Proposed Class* |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all counts so triable.

Dated: November 30, 2012    By:  */s/ Jonathan D. Selbin*
                                  Jonathan D. Selbin

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin
Email:  jselbin@lchb.com
Douglas I. Cuthbertson (*pro hac vice* to be filed)
Email: dcuthbertson@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson
Email:  dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

MEYER WILSON CO., LPA
Matthew R. Wilson
(admitted *pro hac vice*)
Email:  mwilson@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

HYDE & SWIGART
Joshua B. Swigart (State Bar No. 225557)
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:  (619) 233-7770
Facsimile:  (619) 297-1022

KAZEROUNI LAW GROUP, APC
Abbas Kazerounian (State Bar No. 249203)
2700 N. Main Street, Suite 1000
Santa Ana, CA 92705
Telephone:  (800) 400-6808
Facsimile:  (800) 520-5523

1  PEARLMAN, CHOSNEK & HOPSON, P.C.
   Edward Chosnek
2  (*pro hac vice* to be filed)
   P.O. Box 708
3  Lafayette, IN 47902
   Telephone:  (765) 742-9081
4  Facsimile:  (765) 742-4379

5  REILING TEDER & SCHRIER, LLC
   James R. Schrier
6  (*pro hac vice* to be filed)
   P.O. Box 280
7  Lafayette, IN 47902
   Telephone:  (765) 423-5333
8  Facsimile:  (765) 423-4564

9  *Attorneys for Plaintiffs and the Proposed Class*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28